**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

COUNTRYMAN   NEVADA,
LLC,

      Plaintiff,

v.                                                              Case No:  6:14-cv-493-Orl-40GJK

AMANDA PITTS A/K/A DOE 35,

      Defendant.

_____

## ORDER

This cause comes before the Court on Defendant's Motion to Dismiss Action with

Incorporated Memorandum of Law (Doc. 19), filed August 15, 2014.  On September 2,

2014, Plaintiff responded in opposition (Doc. 21).  Upon consideration, the Court denies

Defendant's motion to dismiss.

## I.    BACKGROUND[1]

This dispute arises out of a new wave of mass copyright infringement litigation

involving BitTorrent.[2]  This time, the movie at issue is *The Necessary Death of Charlie*

*Countryman* (the "Motion Picture").  (Doc. 12, ¶ 1).  Plaintiff, Countryman Nevada, LLC

---

1.  This account of the facts is taken from Plaintiff's Amended Complaint (Doc. 12), the allegations of which the Court must accept as true in considering Defendant's motion to dismiss.  *See Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F.2d 989, 994 (11th Cir. 1983).
2.  BitTorrent is a communications protocol that employs peer-to-peer file sharing to distribute large amounts of data over the Internet.  Ordinarily, distributing such large amounts of data is time- and space-intensive.  Programs like BitTorrent relieve these burdens by allowing users to join a "swarm" of hosts to upload fragments of the desired data from multiple users at the same time.  The result is a complete transfer of the data within a fraction of the time ordinarily required if one were to upload from only one host.

("Countryman"), owns the copyright for the Motion Picture.  (*Id.*; Doc. 12-1).  Defendant, Amanda Pitts ("Pitts"), is the account holder for Internet Protocol ("IP") address number 76.26.228.254.[3]  (Doc. 12, ¶ 20).  On an unspecified date, Pitts downloaded the Motion Picture from other users of BitTorrent.  (*Id.* ¶¶ 11–13).  Upon investigation, Countryman discovered that Pitts then uploaded the Motion Picture (or portions thereof) onto the Internet, again via BitTorrent, for other users to download from her.  (*Id.* ¶¶ 14–19).  Countryman verified Pitts' participation in this uploading process by directly uploading a portion of the Motion Picture from her.  (*Id.* ¶ 10).

Countryman initiated this lawsuit on March 26, 2014 by filing a complaint naming "Doe 35" as the defendant.  (Doc. 1).  Presumably upon learning Doe 35's identity, Countryman amended its complaint to name Pitts as the defendant on July 24, 2014. (Doc. 12).  The Amended Complaint remains Countryman's operative pleading in this action.  Countryman alleges two claims for relief against Pitts for her role in distributing the Motion Picture on BitTorrent.  Count 1 alleges a claim for direct copyright infringement. (*Id.* ¶¶ 31–38).  Count 2 alleges a claim for contributory copyright infringement.  (*Id.* ¶¶ 39– 44).  Countryman brings both claims pursuant to the United States Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.*  Pitts now moves to dismiss the Amended Complaint for failing to state a claim upon which relief can be granted.  (Doc. 19).

## II.   STANDARD OF REVIEW

In order to survive a motion to dismiss made under Federal Rule of Civil Procedure 12(b)(6), the complaint must "state a claim to relief that is plausible on its face."  *Bell Atl.*

---

3. Countryman identified Pitts as the account holder of 76.26.228.254 by serving a subpoena on Pitts' Internet Service Provider.  (Doc. 12, ¶ 20).

*Corp. v. Twombly*, 550 U.S. 544, 557 (2007).  A claim is plausible on its face when the plaintiff alleges sufficient factual allegations to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Mere legal conclusions or recitation of the elements of a claim are not enough.  *Twombly*, 550 U.S. at 555.  District courts must accept all well-pleaded allegations within the complaint as true.  *Id.*  Courts must view the complaint in the light most favorable to the plaintiff and must resolve any doubts as to the sufficiency of the complaint in the plaintiff's favor.  *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994).

## III.    DISCUSSION

To state a claim for copyright infringement, a plaintiff must establish (1) its ownership of a valid copyright and (2) the defendant's copying of constituent elements of the work that are original.  *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991).  In order to state a claim for contributory copyright infringement, a plaintiff must establish that the defendant (1) knew of the infringing conduct of another and (2) induced, caused, or materially contributed to that infringing conduct.  *Casella v. Morris*, 820 F.2d 362, 365 (11th Cir. 1987).

Pitts challenges the Amended Complaint for failing to allege sufficient factual material to state a plausible claim that she is the person responsible for the direct and contributory infringement of Countryman's copyright.  (Doc. 19, pp. 2–3).  Pitts states that Countryman's identification of her through an IP address only shows that she holds the account of the IP address through which the infringing conduct occurred and is not necessarily the individual who downloaded or uploaded the Motion Picture.  (*Id.* at pp. 4–

6).  Pitts contends that, based on the accessible nature of wireless networks today, it is impossible for Countryman to make the logical leap from account holder to downloader, as anyone else could have accessed her IP address to download and distribute the Motion Picture.  (*Id.* at p. 8).

It is true that "the individual who pays for Internet access at a given IP address may not be the same individual who engaged in the infringing activity."  *Malibu Media, LLC v. Doe*, No. 8:14-CV-659-T-33EAJ (M.D. Fla. July 29, 2014) (slip op.).  However, the district courts that have been presented with the same facts and circumstances presented here are nearly unanimous in concluding that such factual allegations are sufficient to survive a Rule 12(b)(6) motion to dismiss.  Just within the last six months, other judges in Florida's Middle District have addressed the same issue on at least two occasions.  In *Malibu Media, LLC v. Doe*, No. 8:14-cv-874-T-36AEP, 2014 WL 5599105 (M.D. Fla. Nov. 3, 2014) and *Malibu Media, LLC v. Roldan*, No. 8:13-cv-3007-T-30TBM, 2014 WL 3805494, at *2 (M.D. Fla. Aug. 1, 2014), the Court was presented with the same circumstances presented in this case—identification of an alleged infringer solely through an IP address.  In both instances, the Court concluded that such identification was sufficient to raise the plaintiff's complaint above a speculative level that the defendant had committed the misconduct alleged.  *Doe*, 2014 WL 5599105, at *2; *Roldan*, 2014 WL 3805494, at *2.  *See also, e.g.*, *Malibu Media, LLC v. Butler*, No. 13-cv-02707-WYD-MEH, 2014 WL 3272500, at *8 (D. Colo. July 8, 2014) (finding identification solely through IP address sufficient to survive motion to dismiss); *Malibu Media LLC v. Gilvin*, No. 3:13-CV-72 JVB, 2014 WL 1260110, at *3 (N.D. Ind. Mar. 26, 2014) (same); *Malibu Media, LLC v. Harris*, No. 1:12-cv-1117-WTL-MJD, 2013 WL 3780571, at *3 (S.D. Ind. July 18, 2013)

(same); *Malibu Media, LLC v. Pelizzo*, No. 12-22768-CIV, 2012 WL 6680387, at *3 (S.D. Fla. Dec. 21, 2012) (same).

In support of her motion to dismiss, Pitts points to cases that are factually distinguishable, procedurally inapposite, or which merely constitute dicta. For example, Pitts cites *Elf-Man, LLC v. Cariveau*, No. C13-0507RSL, 2014 WL 202096 (W.D. Wash. Jan. 17, 2014), where the district court granted a motion to dismiss for failing to allege sufficient factual material to identify the defendants as the infringers. However, in that case, the plaintiff made the mistake of never connecting the infringing conduct directly to the named defendants; the plaintiff only alleged that the *IP address* assigned to each defendant's Internet account "was observed infringing Plaintiff's motion picture." *Id.* at *2 (internal quotation marks omitted). Under such an allegation, the court concluded that it was not plausible that any of the defendants were infringers because it was equally likely that a family member, a neighbor, or any other third party could have used the defendants' IP addresses to infringe the plaintiff's copyright. *Id.* The instant case is factually distinguishable from *Elf-Man*. Here, Countryman directly connects Pitts to the infringing conduct by alleging in the Amended Complaint that "[Pitts] republished and duplicated [Countryman's] Motion Picture" in violation of the Copyright Act. (Doc. 12, ¶ 30).

Plaintiff also cites *Malibu Media, LLC v. Tsanko*, No. 12-3899 (MAS)(LHG), 2013 WL 6230482 (D.N.J. Nov. 30, 2013). In *Tsanko*, the district court deferred ruling on the defendant's 12(b)(6) motion to dismiss in order to receive further briefing on the issue of using an IP address to identify a corporation as the infringer. *Id.* at *10. The court noted with concern both the dubious nature of using an IP address to pinpoint an infringer and the "potential for abuse in these types of cases [mass copyright infringement cases]." *Id.*

However, after giving the parties an opportunity to brief the matter, the plaintiff voluntarily dismissed its complaint, thus precluding a ruling on the merits of the issue. (Doc. 19, p. 10 n.1). As to the other cases Pitts cites, they simply do not apply. *See e.g.*, *Chism v. Washington State*, 661 F.3d 380, 390–91 (9th Cir. 2011) (addressing use of IP addresses to prosecute criminal defendants); *In re BitTorrent Adult Film Copyright Infringement Cases*, 296 F.R.D. 80, 92 (E.D.N.Y. 2012) (dismissing complaints for failing to pay individual filing fees); *Digital Sin, Inc. v. Does 1–176*, 279 F.R.D. 239, 244–45 (S.D.N.Y. 2012) (ruling on expedited discovery request); *Patrick Collins, Inc. v. Does 1–4*, No. 12 Civ. 2962(HB), 2012 WL 2130557, *2–3 (S.D.N.Y. 2012) (same).

It is certainly possible that Pitts is "a completely innocent person who is not the downloader" and is now compelled to defend against Countryman's allegations. (Doc. 19, p. 6). However, Pitts "demands too much too soon." *Harris*, 2013 WL 3780571, at *3. Despite Countryman's possibly unreliable method of identification, Countryman directly alleges that Pitts is the individual who downloaded and then subsequently distributed the Motion Picture to others via BitTorrent. (Doc. 12, ¶¶ 26–30, 34). By doing so, Countryman raises the identity of the infringer above a speculative level and avoids the pitfall suffered by the plaintiff in *Elf-Man*. Accepting Countryman's factual allegations as true, as the Court must, the Court is able "to draw the reasonable inference" that Pitts, as identified through her IP address, directly and contributorily infringed upon Countryman's copyright. *Iqbal*, 556 U.S. at 678. It is for the parties to flesh out through discovery whether these allegations hold weight.

**IV.      CONCLUSION**

For the aforementioned reasons, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Action with Incorporated Memorandum of Law (Doc. 19) is **DENIED**.  Defendant shall answer Plaintiff's Amended Complaint within **fourteen (14) days** of this Order.

**DONE AND ORDERED** in Orlando, Florida on December 16, 2014.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record